T.C. Memo. 1997-365


UNITED STATES TAX COURT


STANLEY I. CAPLAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14899-94.                    Filed August 11, 1997.


Stanley I. Caplan, pro se.

Louise R. Forbes, for respondent.


MEMORANDUM OPINION

FOLEY, Judge:  Respondent determined a deficiency in

petitioner's 1991 Federal income tax of $24,022 and additions to

tax, pursuant to sections 6651(a) and 6654(a), of $6,003 and

$1,380.82, respectively.  Unless otherwise indicated, all section

references are to the Internal Revenue Code in effect for the

years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. At the time the petition was filed, petitioner resided in Barre, Massachusetts.

Petitioner did not file a Federal income tax return for his 1991 tax year. He was subsequently audited and, on August 13, 1994, respondent issued a notice determining deficiencies based on unreported income. Additions to tax were also determined. The petition was filed on August 18, 1994.

A trial was held on April 28, 1997, in Boston, Massachusetts. At trial, respondent conceded that there was no deficiency in petitioner's 1991 Federal income tax and that no additions to tax were due. Petitioner did not dispute respondent's concession, but contends that he should be allowed to file a joint return with his ex-wife, Patricia. Patricia, for her 1991 tax year, had filed a Federal income tax return electing married filing separately status. Petitioner and Patricia obtained a decree of divorce providing that they would file a joint return for the 1991 tax year and that petitioner would be entitled to receive the expected refund. According to petitioner, Patricia refused to file the joint return when the Internal Revenue Service asserted deficiencies against him. Now that respondent has conceded that no deficiencies exist, however, petitioner believes Patricia will agree to file a joint return. Petitioner contends that if he and Patricia are allowed to file jointly, they will be entitled to a refund. Respondent contends

that petitioner is not entitled to file a joint return, because such an election would be untimely. At the time of trial, petitioner and his wife had not filed a joint return.

Petitioner's request is, essentially, a request for a declaratory judgment that he is entitled to file a joint return in the future. See 22A Am. Jur. 2d, Declaratory Judgments, sec. 1, at 670 (1988) (stating that a declaratory judgment is a judgment declaring the rights and duties, or the status, of the parties in advance of a planned act or event and citing numerous cases). The Tax Court, with the exception of certain instances specifically prescribed by statute, does not possess jurisdiction over requests for declaratory judgment. See secs. 7428 (relating to qualification of organizations as tax-exempt), 7476 (relating to qualification of certain retirement plans), 7478 (relating to the tax status of municipal bonds); Rules 13(a),(b) and 210(c). Petitioner's request does not fall within any statute conferring jurisdiction upon this Court. As a result, we conclude that we lack jurisdiction to decide whether petitioner may, in the future, file a joint return. We note, however, that section 6013(b)(2)(C) provides that a taxpayer may not make an election to file a joint return after either spouse files a timely petition with this Court.

All other arguments made by the parties are either irrelevant or without merit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>for petitioner</u>.